ISOLA v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—INCOMPETENT FELLOW
    SERVANT.
        Where defendant's foreman directed an incompetent servant, not em-
    ployed for the purpose, to manage a car and to loosen the brake thereof,
    and on such servant's doing so he lost control of the car so that it col-
    lided with another car, and plaintiff, another servant employed by de-
    fendant to unload stones from the cars, was injured, defendant was liable.
        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–
    474; Dec. Dig. § 190.*]

Appeal from Trial Term, Westchester County.

Action by Tommaso Isola, an infant, by Giovanni Yannucci, his
guardian ad litem, against the Delaware, Lackawanna & Western
Railroad Company.  From a judgment for plaintiff and from an order
denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR,
RICH, and MILLER, JJ.

F. W. Thomson, for appellant.
Roasrio Maggio, for respondent.

HIRSCHBERG, P. J.  The plaintiff was seriously injured by the
collision of freight cars on which he was working while in the de-
fendant's employ, and the allegation of negligence against the de-
fendant is the failure to select a competent and skillful co-worker.
The work in progress was the unloading of stones from certain freight
cars in a quarry belonging to the defendant.  Three of the cars were
standing upon a track about 25 feet apart.  While the plaintiff was
between two of them, the foreman in charge of the work directed a
laborer named Manconi to loosen the brake of the third one, and on
his doing so he lost control of the car so that it collided with one of
the other two, causing them to come together, and the plaintiff, caught
between them, lost his arm.  There is sufficient evidence to justify
the finding of the jury that Manconi at the time was incompetent to
manage the car, that he was not employed for that purpose, and that
he was physically incapable of preventing the impact after he had
started the car by loosening the brake.

While the question is not entirely free from doubt, it would seem
to be controlled by the decision in Mann v. President, etc., of D. &
H. C. Co., 91 N. Y. 495, 499.  In that case the accident was caused
by the conductor selecting an incompetent person to flag the intes-
tate's train.  The court said (page 499):

    "It is claimed by the defendant that, assuming the incompetency of Town-
send, his selection for the duty of flagging the intestate's train was the neg-
ligent act, of Benedict, the conductor, and that, the defendant having furnished
other competent and experienced brakemen who might have been selected by
Benedict, the company is not liable.  We think this claim cannot be supported,
in view of the doctrine now firmly settled in this state, that no duty belong-
ing to the master to perform for the safety and protection of his servants can
be delegated to any servant of any grade, so as to exonerate the master ·from

───────────────────────────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

responsibility to a co-servant who has been injured by its nonperformance. The duty to use due care in the selection of competent servants is one of the master's duties. The duty of selection in case of corporations must be delegated. But any negligent act or omission in its performance is the act or omission of the master."

See, also, Pantzar v. Tilly Foster Iron Mining Co., 99 N. Y. 368, 372, 2 N. E. 24, and Brennan v. Gordon, 118 N. Y. 489, 23·N. E. 810, 8 L. R. A. 818, 16 Am. St. Rep. 733.

The judgment and order should be affirmed, with costs. All concur.